RJG/MGP                                                                5525-26614

## IN THE UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| GULCHEHRA QUCHQAROVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-7426 |
| | ) | |
| LANDSTAR RANGER, INC., | ) | Honorable Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## MOTION TO TRANSFER VENUE

NOW COMES Defendant, LANDSTAR RANGER, INC., a Delaware corporation (hereinafter "Defendant"), by its counsel, Robert J. Golden, Michael G. Patrizio, and Dowd & Dowd, Ltd., and herein moves under 28 U.S.C. 1404(a) and 1406(a) to transfer this cause to the United Stated District Court for the Western District of Pennsylvania. In support thereof, Defendant states as follows:

## SUMMARY OF THE ARGUMENT

This cause of action arises from a Pennsylvania motor vehicle accident and should be litigated in the United States District Court for the Western District of Pennsylvania. The occurrence, investigation, and sources of proof are located in Pennsylvania, and third-party witnesses are amenable to process by a Pennsylvania court but not this Court. Further, the interests of justice dictate transfer because the docket in the Western District of Pennsylvania is less crowded, making trial speedier.

## I.   STATEMENT OF FACTS

1.     This cause of action arises from a motor vehicle accident that occurred on Interstate 80 at near Sandy Township, Clearwater County, State of Pennsylvania. See, Plaintiffs'

Complaint, par. 9, attached as Exhibit A; Pennsylvania State Police Accident Report, attached as Exhibit B.

2.    Plaintiff GULCHERA QUCHQAROVA alleges she was a passenger in a motor vehicle operated by Aybek Kuchkarov when the automobile lost control on wet pavement and "spun out." Exhibit A, pars. 11-12.

3.    Plaintiff alleges the front of Defendant's vehicle, operated by non-party Maxie Medford, stuck Plaintiff's vehicle, causing her to sustain serious bodily injury. Exhibit A, pars. 13-15.

4.    The Pennsylvania State Police from the DuBois, Pa., post investigated the accident. The driver, Aybek Kuchkarov, and another passenger, Patilakhon Omonva, were pronounced dead on the scene by the Clearfield County Coroner's Office. Also arriving on the scene were members of the Sandy Township (Pa.) Police and Fire Departments, Dubois (Pa.) EMS, the Pennsylvania Department of Transportation ("PennDot"), and two local towing companies. See, Exhibit B.

5.    According to Google maps, the distance between the City of Chicago and Sandy Township is 510 miles and takes eight hours to drive. See, Exhibit C.

6.    Plaintiff was taken to University of Pittsburgh Medical Center (UPMC) Mercy Hospital in Pittsburgh for medical treatment following the accident. She alleges serious and permanent bodily injury as a result of the collision. Exhibit B.

7.    Plaintiff alleges she is a citizen of the State of Illinois. Exhibit A, par. 1.

8.    Defendant is an interstate motor carrier operating in the 48 contiguous states. It is a citizen of the State of Delaware (its place of incorporation), and a citizen of the State of Florida, having its principal place of business is Jacksonville, Florida. See, Florida Department of State Divisions of Corporations, Exhibit D.

9. Defendant now moves to transfer this cause to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. 1404(a) and 1406(a).[1] The occurrence, investigation, and sources of proof are located in Pennsylvania. Third-party witnesses are amenable to process by a Pennsylvania court but not this Court. Further, the interests of justice dictate transfer because the docket in the Western District of Pennsylvania is less crowded, making trial speedier in Pennsylvania.

## II.   **APPLICABLE STATUTES FOR TRANSFER**

10. There are two bases for transfer of venue: 28 U.S.C. 1404(a) and 1406(a). If venue is proper, 28 U.S.C. 1404(a) permits transfer; if venue is improper, 28 U.S.C. 1406(a) permits transfer. *Allied Van Lines v. Gulf Shores Moving & Storage, Inc.,* 2005 U.S. Dist. Lexis 6244, 2005 WL 418032, at 4 (N.D. Ill. Feb. 23, 2005). Under Section 1404(a), a court may transfer suit "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." Section 1406(a) permits transfer "in the interest of justice" to a district where venue and personal jurisdiction properly lies. *Id.* The same general factors and considerations govern transfer under both provisions. *Wild v. Subscription Plus, Inc.,* 292 F.3d 526, 530 (7th Cir. 2002). The decision of whether to transfer is within a court's discretion. *Von Holdt v. Husky Injecting Molding Sys. Ltd.,* 887 F. Supp. 185, 188 (N.D. Ill. 1995).

---

[1] Defendant also has moved to dismiss this cause of action based on lack of personal jurisdiction. By filing this motion, Defendant does not concede jurisdiction but makes this argument in the alternative.

III.   **ARGUMENT**

    *A.*    ***Convenience of the Parties Dictates Transfer***

    10.    Section 1404(a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought." *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 762 (7th Cir. 1994) (section 1404 clearly intended to vest in transferor court more discretion than had been permitted under common law). The statute permits a "flexible and individualized analysis" and affords a district court the opportunity to look beyond a narrow or rigid set of considerations in its determination. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, at 29 (1988).

    12.    When evaluating the convenience of the parties and witnesses—commonly referred to as the "private interests" at stake--a court considers: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience to parties. *Coleman v. Buchheit, Inc.*, 2004 U.S. Dist. Lexis 4677, 2004 WL 609369, at 1 (N.D. Ill. Mar. 22, 2004).

    13.    In examining the interests of justice, often referred to as the "public interest" factors, a court focuses on the efficient administration of the court system. Considerations include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Morris v. American Bioscience, Inc.,* 2004 U.S. Dist. Lexis 22274, 2004 WL 2496496, at 2 (N.D. Ill. Nov. 3, 2004)

    14.    An analysis of all these factors mandates transfer of the lawsuit to the United States District Court for the Western District of Pennsylvania.

### 1.    Plaintiff's Choice of Forum Not Dispositive

15.    In this case, the only nexus between the occurrence and this court is Plaintiff's citizenship. Generally, a plaintiff's choice of forum carries substantial weight, particularly where it is a plaintiff's home. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997). Plaintiff's choice, however, is materially diminished when "no significant connection to the chosen forum exists." *Heston v. Equifax Credit Info. Servs.*, 2003 U.S. Dist. Lexis 17028, 2003 WL 22243986, at 1 (N.D. Ill. Sept. 26, 2003); *Binz v. Iowa Interstate R.R.*, 1999 U.S. Dist. Lexis 1574, 1999 WL 90642, at 1 (N.D. Ill. Feb. 10, 1999) (choice of forum "has minimal value" under such circumstances).

16.    Given the fact this lawsuit arises from a Pennsylvania accident, the sources of proof are located there, and that Pennsylvania has a greater interest in adjudicating a local controversy, Plaintiff's choice of this forum carries less weight and is not dispositive on the forum issue. The weight given to plaintiff's choice is lessened when, as here, the chosen forum has relatively weak connections with the facts giving rise to the claim. *C.I.S. of Pine Bluff, Inc. v. Alltel Cellular Assoc. of Arkansas Limited Partnership*, 175 Bankr. 834, 838 (S.D.N.Y. 1994).

### 2.    Situs of Material Events

17.    The material events of the occurrence happened in the State of Pennsylvania. Presumably, medical records and records from Pennsylvania can be sent to Illinois; however, case law leans in favor of transfer. In *Von Holdt v. Husky Injection Molding Systems*, 887 F. Supp. 185 (N. D. Ill. 1995), the court found the acts giving rise to a patent infringement case occurred in Massachusetts, not Illinois. Because the defendant was a Massachusetts corporation doing business in Boston, the court found it "reasonable to assume" the allegedly infringing molds were produced

there. Similarly, the events alleged in the complaint occurred in Pennsylvania, not Illinois. Illinois has no connection alleged tortious acts contained in the Complaint.

### 3. Ease of Access to Sources of Proof

18. The next consideration is the relative ease of access to sources of proof in each forum. Here, there is no question that this factor weighs in favor of transfer to Pennsylvania. All the post-occurrence witnesses are located in Pennsylvania. The most likely witnesses include the investigating police officers and the medical providers. These witnesses are all located in the Western District of Pennsylvania. Defendant's driver, Maxie Medford, has his place of residence in Hollister, California. (See, Exhibit B, police report.) The only witness with any personal knowledge of the occurrence with a connection to Illinois is plaintiff, and that is not enough to keep this case in this Court.

### 4. Convenience of Witnesses

19. "The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Hanley v. Omarc, Inc.,* 6 F. Supp.2d 770, at 775 (N.D. Ill. 1998) (citation omitted). The convenience of non-party witnesses is "substantially more important than the convenience of party witnesses because the latter are within the party's control." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.,* 2004 U.S. Dist. Lexis 13871, 2004 WL 1921059, at 4 (N.D. Ill. Jul. 21, 2004).

20. Here, all of the non-party witnesses are located outside this judicial district and are not amendable to process. The driver of Defendant's vehicle, Melford Maxie (a non-party), is a citizen of the State of California. All of the first responders and medical treaters presumably are citizens of the State of Pennsylvania. It is obvious that none of these witnesses could conveniently

travel from Western Pennsylvania to Northern Illinois, which is over 500 miles from the accident scene .

21.     In sum, all the private interest factors weigh in favor of transfer. There is no connection between the facts, the witnesses, and the sources of proof to this Court except for the fact of Plaintiff's citizenship. That fact, standing alone, is insufficient to keep this case in this Court.

### B.     *Public Interest Factors*

22.     A court also looks to public interest factors when analyzing whether to transfer a case. When a court typically looks at the relative speed of the litigation in the fora at issue, the relative competency of the fora to address disputed legal questions, and the desirability of resolving controversies in their home locale. *Morris v. American Bioscience, Inc.,* 2004 U.S. Dist. Lexis 22274, 2004 WL 2496496, at 2 (N.D. Ill. Nov. 3, 2004). In assessing these "interest of justice" factors, the analysis relates to the "efficient functioning of the courts . . . ." Id. at 4.

### 1.     Speed That Case Will Proceed to Trial

23.     When evaluating which forum is likely to produce a quicker answer, a court often looks at "(1) the median months from filing to disposition for civil cases and (2) the median months from filing to trial for civil cases." *Plotkin v. IP Axess, Inc.,* 168 F. Supp. 2d 899, at 904 (N.D. Ill. 2001) (citation omitted).

24.     Federal Case Management Statistics, June 2018, shows that as of June 30, 2018, this court had 16,981 pending cases. (U.S. District Court –Judicial Caseload Profile, Illinois Northern, attached as Exhibit E). The Western District of Pennsylvania had 2,920 pending cases. (U.S. District Court –Judicial Caseload Profile, Pennsylvania Western, attached as Exhibit F). The median time between filing and disposition is 7.5 months in the Court (Ex. E), and 5.8 months in

Pennsylvania (Ex. F). Lastly, the median time between filing and trial for civil cases is 36.3 here, compared to 32.6 there. See, Exhibits E & F; http://www.uscourts.gov./statistics-reports/federal-court-management-statistics-june-2018.[2]

25.     The statistics show the parties here can reasonably expect a quicker resolution of this lawsuit in the Western District of Pennsylvania than in this Court. Litigation will move more quickly in a venue close to the witnesses identified and where they are within the court's subpoena power. *Washington National Life Ins. Co. v. Calcasieu Parish School Board*, 2006 U.S. Dist. Lexis 28900 (N.D. Ill. May 2, 2006).

26.     Moreover, the median speed to trial is faster in the Western District of Pennsylvania that here. Thus, this factor weighs in favor of transfer because this case is more likely to proceed to resolution more quickly in the Western District of Pennsylvania, the proposed transferee forum.

## 2.     Familiarity with Applicable Case Law

27.     In a diversity action, it is advantageous for the trial judge to have some familiarity with the applicable state law. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, at 221 (7th Cir. 1986). Insofar as this matter involves a Pennsylvania motor vehicle accident necessarily implicating Title 75 of the Pennsylvania Consolidated Statutes (The Vehicle Code) dealing with Pennsylvania traffic laws, this factor too supports transfer to the Western District of Pennsylvania.

---

[2] In *Washington National Life Ins. Co. v. Calcasieu Parish School Board*, 2006 U.S. Dist. Lexis 28900 (N.D. Ill. May 2, 2006) this Court found the median disposition time statistic in the Northern District of Illinois historically had been skewed because of the "significant percentage of this District's cases that consist of mortgage foreclosures, which are heard in significant numbers in few other districts, and nearly all of which resolve within 90 to 120 days of filing." *Allied Van Lines, Inc. v. Gulf Shores Moving & Storage, Inc.,* 2005 U.S. Dist. Lexis 6244, 2005 WL 418032 at 5 (N.D. Ill. Feb. 23, 2005); see also, *id.* ("The average time from filing to trial is a much better gauge of the relative pace of cases in the two districts.").

### 3.   Resolving Controversies in their Locale

28.     "Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997) (citation omitted). This case arises from a motor vehicle accident in Pennsylvania. The only meaningful connection between this controversy and Illinois is that Illinois is Plaintiff's home state. Although Illinois may have an interest in resolving a dispute involving one of its residents, Pennsylvania has a much stronger interest. This factor militates in favor of transfer.

## IV.   <u>CONCLUSION</u>

29.     In conclusion, the private and public factors weigh decidedly in favor of transferring the present action to the Western District of Pennsylvania. Only Plaintiff's choice of forum weighs in favor of resolving this matter in the Northern District of Illinois, and that factor is entitled to diminished weight given the accident occurred 500 miles from Chicago and has little or nothing to do with Illinois.

30.     The Western District of Pennsylvania serves the private interests at stake because it will be more convenient for the parties and witnesses. Furthermore, transfer will clearly serve the public interests in efficient, prompt, and locally-based adjudication.

WHEREFORE, for all the reasons stated above, Defendant LANDSTAR RANGER, INC., prays that this Court issue an order transferring this cause to the United States District Court for the Western District of Pennsylvania or for any such other relief the Court finds just and necessary.

Respectfully submitted,

By: s/ Robert J. Golden
Robert J. Golden

Robert J. Golden, ARDC No. 6193047
Michael G. Patrizio, ARDC No. 6188852
Dowd & Dowd, Ltd.
227 West Monroe Street—Suite 2650
Chicago, Illinois 60606
Tel: (312) 704-4400
Fax: (312) 704-45000
rgolden@dowdanddoowd.com
mpatrizio@dowdanddowd.com

RJG/MGP                                                                              5525-26614

## IN THE UNITED STATES DISTRICT COURT FOR THE
### NOTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GULCHEHRA QUCHQAROVA,                    )
                                         )
                Plaintiff,              )
                                         )
           v.                          )      Case No. 1:19-cv-7426
                                         )
LANDSTAR RANGER, INC.,                   )      Honorable Thomas M. Durkin
                                         )
                Defendant.              )

### DECLARATION OF MICHAEL G. PATRIZIO
### IN SUPPORT OF
### DEFENDANT'S MOTION TO TRANSFER

       I, Michael G. Patrizio, am an attorney duly licensed to practice in the United States District Court for the Northern District of Illinois. I represent Defendant, Landstar Ranger, Inc., in this matter. I submit this Declaration in support of Defendant's Motion to Transfer. This Declaration is based on personal knowledge. If called upon, I am competent to testify on the matter stated herein.

       1.      Attached as Exhibit A is a true and correct copy of the complaint filed Plaintiff, Gulchehra Quchqarova.

       2.      Attached as Exhibit B is a true and correct copy of the Commonwealth of Pennsylvania Police Crash Report for the occurrence alleged in the Complaint.

       3.      Attached as Exhibit C is a true and correct copy of a Google Maps internet search for the distance between the City of Chicago and Sandy Township, Pennsylvania, the site of the occurrence alleged in the Complaint.

3.      Attached as Exhibit D is a true and correct copy of the result of an internet search for Landstar Ranger, Inc., from the website of the Florida Department of State Division of Corporations.

4.      Attached as Exhibits E and F are true and correct copies of the result of an internet search concerning case load and disposition of cases in the United States District Court for the Northern District of Illinois and the United States District Court for the Western District of Pennsylvania. The information can be found at http://www.uscourts.gov./statistics-reports/federal-court-management-statistics-june-2018.

Dated this 14th Day of January 2020

By: s/ Michael G. Patrizio